# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

_____

David Abrams as Trustee-Assignee
for the benefit of Creditors of
Global Innovations, LLC,
     Plaintiff

      vs                          Case No.  1:04-cv-204-TSH
                                    (Hogan, M. J.)

Red Apple Morley LLC, et. al.,
     Defendants

_____

## ORDER

_____

     This matter is before the Court on defendants' motion for sanctions for violations of the Court's discovery order (Doc. 29), and defendants' motion for default judgment as to defendants' counterclaims (Doc. 30), plaintiff's responsive memoranda (Docs. 31, 32), and defendants' replies.  (Doc. 34, 35).  The parties have consented to the entry of final judgment by the undersigned United States Magistrate Judge.  (Doc. 12).  The Court will address each of defendants' motions in turn.

### Motion to Dismiss for Failure to Comply with Discovery Order

     Defendants seek an order dismissing all plaintiff's claims against defendants as a sanction for plaintiff's alleged failure to cooperate in discovery and failure to comply with this Court's April 22, 2005 Order regarding discovery.  (See Doc. 26).  Defendants argue that plaintiff's dilatory behavior and failure to provide discovery responses in accordance with this Court's Order has unduly prejudiced defendants' ability to defend this action and merits the harshest of sanctions- dismissal of all claims.  Defendants contend that plaintiff's failure to comply exceeds mere

inadvertence and constitutes a willful attempt to avoid its discovery obligations. Defendants note that its initial discovery requests were propounded on plaintiff in September 2004, and as of the date of the filing of defendants' motion, plaintiff had not provided complete responses, despite the Court's April 22, 2005 Order.

Plaintiff counters that dismissal is not warranted because any failure to comply with the Court's discovery order was due to inadvertence rather than willful conduct. Counsel for plaintiff states that while other members of counsel's law firm may have been on the record as lead attorneys in this action, counsel has acted as Trial Attorney since the removal of this action from state court, and defendants' failed to serve him with a copy of their motion. Counsel further states that while co-counsel from his law firm was electronically notified, he did not personally receive electronic notice of the Court's April 22, 2005 Order. Plaintiff suggests that under Fed. R. Civ. P. 37 and prevailing Sixth Circuit precedent, dismissal is not appropriate where, as here, less drastic sanctions have not been imposed to cure the deficient conduct.

A District Court may sanction a party who fails to cooperate in discovery in a variety of ways, including dismissal of the action. Fed. R. Civ. P. 37(b) and (d). Fed. R. Civ. P. 37 provides in pertinent part:

> If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule or Rule 35, or if a party fails to obey an order entered under Rule 26(f), the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following: (A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order; (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence; (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party; (D) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental

2

examination . . . . In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(b)(2). The decision whether to dismiss a case for a party's failure to comply with discovery is within the Court's discretion. *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067 (6th Cir. 1990).

While the Court does not necessarily abuse its discretion by ordering dismissal as the first sanction for dilatory and contumacious conduct, *Harmon v. CSX Transportation, Inc.*, 110 F.3d 364, 367 (6th Cir. 1997), because dismissal is the harshest and most drastic sanction available to the Court, it is the sanction of last resort. *Beil v. Lakewood Engineering and Mfg. Co.*, 15 F.3d 546, 522 (6th Cir. 1994). Before such a sanction is invoked, the Court must consider the following four factors: (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the party's failure to cooperate in discovery; (3) whether the non-cooperating party has been warned that failure to comply with the Court's discovery order may lead to dismissal; and (4) whether the Court has considered or imposed less drastic sanctions. *Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995).

The parties appeared by telephonic conference before the undersigned on April 19, 2005 for an informal discovery conference. (Doc. 25). On April 22, 2005, the Court issued an order regarding the discovery disputes raised at the telephonic conference. (Doc. 26). The Court granted defendants' motion for leave to file a counterclaim and granted defendants' motion to compel discovery, ordering plaintiff to respond to defendants' discovery requests in accordance with the Court's Order by May 31, 2005. (Id.).

According to plaintiff, the Court's Order was served by electronic notification upon Mr. Rafferty's co-counsel, Mr. Hutson, but was neither served by mail upon Mr. O'Shea or Mr. Rubin, nor served on Mr. Rafferty by any means. Mr. Rafferty asserts that Mr. Hutson mistakenly assumed that Mr. Rafferty had received electronic notification of the Court's Order but that Mr. Rafferty did not know of the Court's Order until he was served with copies of the defendants' motions for sanctions and

3

subsequently checked the electronic court file on June 14, 2005.  Counsel argues that his failure to comply with the Court's order was thus due to inadvertence rather than a deliberate effort to avoid plaintiff's discovery obligations.  Plaintiff contends that dismissal is inappropriate because there is no evidence of willfulness, bad faith, or fault, and because plaintiff was neither warned that dismissal might ensue for failure to comply with the Court's discovery order, nor subject to less drastic sanctions.

The Court disagrees with plaintiff's characterization of its his failure to comply with the Court's April 22, 2005 Order as "mere inadvertence".  While the Court does not find that plaintiff acted in bad faith, counsel for plaintiff's failure to comply with the rules of this Court has led to the current morass.  Counsel for plaintiff, Mr. Rafferty, attempts to shift partial responsibility for his alleged failure to receive proper notice of the Court's Order and defendants' motions to the defendants who, according to plaintiff, knew or should have known that Mr. Rafferty was designated as lead counsel in this matter.  Mr. Rafferty asserts that because he attended all conferences following removal of this action from state court, he should have been served by both the plaintiff and the Court.  The flaws in this reasoning are numerous and the Court feels constrained to enumerate them lest the mistakes of the past be repeated.

First, the Court's Local Rules provide for the designation of a trial attorney in all matters filed in or removed to this Court, and requires trial counsel to "attend all hearings, conferences and the trial itself, unless otherwise excused."  S. D. Ohio Civ. R. 83.4(a).  Moreover, the Rules clearly state that "trial attorneys shall be responsible for notifying co-counsel or associate counsel of all matters affecting the action."  S. D. Ohio Civ. R. 83.4(b).  In this case, Messrs. Hutson, O'Shea, and Rubin were designated as trial counsel on the state court complaint which was subsequently removed to this Court by defendants.  If Messrs. Hutson, O'Shea, and or Rubin were no longer involved in the action as Mr. Rafferty asserts, they should have moved for substitution or withdrawal as provided for in S. D. Ohio Civ. R. 83.4(d).

Second, to the extent Mr. Rafferty argues that the Court should have served him with its April 22, 2005 Order, or any other filings, the Court notes that he was not designated as an attorney of record in this matter until he filed a Notice of Appearance on June 17, 2005.  (Doc. 33).  Up until that time, it was incumbent upon Messrs. Hutson, O'Shea and or Rubin to keep Mr. Rafferty apprised of matters affecting the case, not the duty of the Court, as noted in S. D. Ohio Civ. R. 83.4(b) discussed *supra*.

4

Third, to the extent that plaintiff argues that Messrs. O'Shea and Rubin were not properly served with paper copies of motions and pleadings filed by defendants, and that they too failed to receive the Court's April 22, 2005 Order, the Court notes that Messrs. O'Shea and Rubin failed to render themselves amenable to electronic notification in this case as required by the <u>Electronic Filing Policies and Procedures Manual for the United States District Court for the Southern District of Ohio</u>, §§ 1(C) & 2(B). Counsel for plaintiff have appeared before this Court on numerous occasions in prior cases to which this Court has been assigned and have performed more than ably on behalf of their clients. Nothing in the record, nor in the Court's past dealings with the law firm representing plaintiff, suggests to this Court that any of the attorneys for plaintiff involved in this matter sought permission to opt out of participation in the Court's Electronic Filing System known as CM/ECF. Consequently, Messrs. O'Shea and Rubin should have provided the Clerk of Courts with an email address so that they could receive electronic notification of orders, pleadings, motions and other matters affecting this action. If, on the other hand, as has been suggested by plaintiff's responsive memoranda, these attorneys were no longer involved in this matter following its removal to this Court, they should have filed a motion to withdraw or substitute counsel pursuant to S. D. Ohio Civ. P.

Finally, the Court disagrees with counsel that the electronic notification issues occasioned in this case when combined with counsel's failure to check the electronic court file until June 14, 2005, give rise to a finding of inadvertence or innocent mistake rather than fault. The Court is not personally familiar with the case management practices of counsel for plaintiff's firm. Nevertheless, the Court finds it reasonable to assume that following an informal discovery conference at which the Court states an order is to follow, counsel for the parties would check the court record for an order or other matter affecting the litigation before eight weeks had elapsed. Yet in this case, counsel for plaintiff admits that following the April 19, 2005 telephone discovery conference, he did not check the court's electronic file until June 14, 2005. AS the experience and skilled lawyers in this action are well aware, it is a party's responsibility to remain apprised of matters affecting his case, not the duty of the Court to ensure that all matters in the file have been served, reviewed, or otherwise. For all these reasons, the Court finds that plaintiff's failure to comply with the Court's April 22, 2005 Order was due to fault, not mere inadvertence.

As for the remaining three factors which this Court must consider to determine whether defendants' motion for dismissal should be granted, the Court agrees with counsel for plaintiff that these factors do not weigh in favor of such a harsh sanction

in this case.  While it is true that plaintiff's failure to provide the disputed discovery responses, if permitted to continue, would prejudice defendants' ability to defend this action, this matter is set for a bench trial in November 2005.  Therefore, the plaintiff's discovery obligations can still be met without irrevocable harm to defendants. Moreover, plaintiff has neither been warned that failure to comply with the Court's order would result in dismissal, nor subject to sanctions less drastic than dismissal. For these reasons, the Court concludes that defendants' motion, insofar as it seeks dismissal of the action brought by plaintiff, is not well-founded at this time.

Nevertheless, the Court does find that plaintiff should be subject to a lesser sanction for his failure to comply with the Court's prior order.  Consequently, plaintiff is ordered to pay the reasonable attorney fees and costs associated with the filing of defendants' motion for sanctions for violations of a discovery order and defendants' reply brief filed in support thereof.  See Fed. R. Civ. P. 37(b)(2).  Defendants should file a fee petition setting forth the reasonable fees and expenses associated with these filings, including the hours expended and the reasonable hourly rate sought by counsel for defendants within thirty days of the filing date of this Order.  Plaintiff's response, if any, challenging the reasonableness of the fees sought should be filed within fifteen days after the filing date of defendants' fee request.

Moreover, plaintiff is hereby ORDERED to provide the disputed discovery responses as set forth in the Court's April 22, 2005 Order within ten days of the filing date of this order.  And plaintiff is hereby warned that any failure to comply with this discovery order will lead to further sanctions up to and including dismissal of all claims against defendants.

### Motion for Default Judgment as to Defendants' Counterclaim

In accordance with this Court's April 22, 2005 Order, defendants filed a counterclaim on May 4, 2005.  While electronic filing of the counterclaim generated a Notice of Filing for plaintiff's attorney Mr. Hutson, defendants concede that their pleading did not contain the requisite Certificate of Service indicating which attorneys for plaintiff, if any, were served by other means.  Nevertheless, because plaintiff failed to answer the counterclaim as of the filing date of defendants' motion, defendants seek an order directing the Clerk of Courts to enter a default pursuant to Fed. R. Civ. P. 55(a).  Plaintiff counters that an entry of default is not warranted because defendants failed to properly serve Mr. Rafferty and because the counterclaim did not include a proper certificate of service.

6

The procedure governing the entry of default and default judgment is set forth in Fed. R. Civ. P. 55, which provides in pertinent part:

a)      Entry.  When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

(b)     Judgment. Judgment by default may be entered as follows: (1) By the Clerk.  When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and if he is not an infant or incompetent person. (2) By the Court.  In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

After a default or default judgment has been entered, Fed. R. Civ. P. 55(c) grants the litigant the right to petition the Court to set aside either the default or the judgment.  The decision whether to set aside an entry of default or default judgment is within the Court's discretion.  *INVST Financial group v. Chem-Nuclear Systems*, 815 F.2d 391, 398 (6th Cir. 1987); *Johnson v. City of Detroit*, 892 F.2d 79 (unpubl.), 1989 WL 153550, at *2 (6th Cir. Dec. 20, 1989); *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993).  The Court's exercise of its discretion should be based on

7

its assessment of the circumstances and facts of the case and the credibility and good faith of the parties. *Enron*, 10 F.3d at 95. An entry of default may be set aside for good cause shown whereas a default judgment may be set aside only as provided for in Fed. R. Civ. P. 60(b). Fed. R. Civ. P. 55(c). In addition, the Court must consider three factors in determining whether to set aside the default entry or judgment under either Fed. R. Civ. P. 55 or 60: (1) whether the Plaintiff will be prejudiced; (2) whether the Defendant has a meritorious defense; and (3) whether culpable conduct of the Defendant led to the default. *INVST*, 815 F.2d at 398; *Shepard Claims Service, Inc. v. William Darrah & Assoc.*, 796 F.2d 190, 192.

While default judgments may generally be disfavored when compared with the Court's interest in resolving a case on the merits, "[d]efault procedures, of course, provide a useful remedy when a litigant is confronted by an obstructionist adversary." *Enron Oil*, 10 F.3d at 96. *See also D'Orange v. Feely*, 101 F.3d 1393 (unpubl.), 1996 WL 446254, at *2-4 (2d Cir. Aug. 8, 1996)(district court's entry of default judgment after hearing on amount of damages upheld where Defendant attorney failed to timely answer, failed to cooperate in discovery and failed to attend hearing on motion for default judgment); *Comdyne I, Inc. v Corbin*, 908 F.2d 1142, 1146-47(3d Cir. 1990)(district court's entry of default judgment upheld on appeal where Defendant failed to answer amended complaint, repeatedly failed to comply with court's discovery orders and orders imposing sanctions, and failed to participate in hearing on appropriate amount of damages after default judgment was granted as to liability).

In the present case, the Court does not find that an Order directing the Clerk of Courts to enter a default would advance the cause of justice or assist the Court in fairly and efficiently resolving this lawsuit. Notwithstanding plaintiff's failure to comply with the Court's prior discovery order and the Rules of this Court governing trial counsel designations and electronic notification, plaintiff's conduct, to date, does not rise to the level of obstructionist behavior which would support an entry of default judgment. *See Enron, supra*. Plaintiff's conduct which, as discussed above, cannot be characterized as mere inadvertence, does not however, rise to the level of bad faith, willfulness, or contumacious conduct which would support a entry of default judgment. Plaintiff would surely be entitled to move to set aside the default and such a result would likely ensue for good cause shown and with due consideration of the relevant factors. *See* Fed. R. Civ. P. 55(c) and *Shepard, supra*. However, plaintiff must answer defendants' pleading within ten days of the filing date of this Order or risk the imposition of sanctions for failure to comply with this Court's order, up to and including an entry of default judgment.

8

**IT IS THEREFORE ORDERED THAT:**

Defendants' motion for sanctions (Doc. 29) is GRANTED IN PART AND DENIED IN PART;

Defendants' motion for default (Doc. 30) is DENIED;

Plaintiff is ORDERED to provide discovery responses and to file an answer to defendants' counterclaim in accordance with the terms of this Order, or be subject to further sanctions up to and including dismissal of plaintiff's claims and or default judgment against plaintiff on defendants' counterclaim; and

Within fourteen (14) days of the filing date of this Order, the parties are directed to contact the Court by telephone to set up a status conference for a mutually agreeable date and time. At the status conference the Court will inquire into plaintiff's compliance with this Order and review the Calendar Order currently governing this action.

 s/Timothy S. Hogan

Timothy S. Hogan
United States Magistrate Judge

August 10, 2005
J:\LWW\OrdersTSH\04-204 Red Apple sanctions.wpd